UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
STEVEN MARK P.,

                          Plaintiff,         <u>DECISION AND ORDER</u>
                                              1:22-cv-05607-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

     In November of 2018, Plaintiff Steven Mark P.[1] applied for

Supplemental Security Income Benefits under the Social Security Act. The

Commissioner of Social Security denied the application.  Plaintiff,

represented by the Law Office of Charles E. and Harry Binder, LLP,

Charles E. Binder, Esq., of counsel, commenced this action seeking judicial

review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g)

and 1383 (c)(3).  The parties consented to the jurisdiction of a United

States Magistrate Judge. (Docket No. 13).

     This case was referred to the undersigned on March 17, 2023.

Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 21, 27). For the following reasons, Plaintiff's motion is due to be granted, the Commissioner's motion is due to be denied, and this case is remanded for further proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on November 1, 2018, alleging disability beginning November 8, 2016. (T at 280-88).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on March 16, 2021, before ALJ Angela Banks. (T at 38-72). Plaintiff appeared with a non-attorney representative and testified. (T at 46-65). The ALJ also received testimony from Jeroen Walstra, a vocational expert. (T at 66-70).

### B.    ALJ's Decision

On April 21, 2021, the ALJ issued a decision denying the application for benefits. (T at 14-37).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2018 (the application date). (T at 19).  The ALJ concluded that Plaintiff's degenerative joint disease, hypertension, bipolar disorder, adjustment disorder, depressive disorder,

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 15.

and post-traumatic stress disorder were severe impairments as defined under the Act. (T at 19).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967 (b), with the following limitations: he is limited to occasional balancing on uneven terrain, but can maintain balance on even terrain; he can occasionally stoop, crouch, kneel, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. (T at 22).

The ALJ concluded that Plaintiff can perform simple, routine, repetitive tasks in a low stress job (defined as a job with occasional decision making, occasional judgment, and occasional changes in the work setting). (T at 22).

He can perform work that is goal-oriented, but cannot be required to perform production rate work, such as an assembly line, and he can tolerate no more than occasional contact with coworkers, supervisors, and the public. (T at 22).

Plaintiff has no past relevant work. (T at 28).  Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 29).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 1, 2018 (the application date) and April 21, 2021 (the date of the ALJ's decision). (T at 29-30).  On April 18, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

## C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on June 29, 2022. (Docket No. 1).  On December 20, 2022, the Commissioner filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 21, 22).  Plaintiff interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on May 2, 2023. (Docket No. 27, 28).  On May 12, 2023, the Commissioner submitted a reply memorandum of law. (Docket No. 29).  Plaintiff filed a sur-reply memorandum of law on June 2, 2023. (Docket No. 30).

## II.  APPLICABLE LAW

*A.     Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for

reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's

assessment of the medical opinion evidence was flawed, which

undermines the RFC determination. Second, he challenges the ALJ's

credibility determination.  This Court will address both arguments in turn.

> A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical

opinion in determining whether a claimant is disabled under the [Social

Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§

404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated

new regulations regarding the consideration of medical opinion evidence.

The revised regulations apply to claims filed on or after March 27, 2017.

*See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits

was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical

opinions," but rather considers all medical opinions and "evaluate[s] their

persuasiveness" based on supportability, consistency, relationship with the

claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a),

(b)(2).   The ALJ is required to "articulate how [he or she] considered the

medical opinions" and state "how persuasive" he or she finds each opinion,

with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, in March of 2021, Ahssan Haj-Yehia, L.C.S.W., a treating provider, completed a psychiatric functional assessment, which was co-signed by a treating psychiatrist whose name is illegible.

Mr. Haj-Yehia had been treating Plaintiff weekly since February of 2019. (T at 1305). He opined that Plaintiff had marked limitations in understanding, remembering, or applying information; interacting with others; and maintaining concentration, persistence, or pace. (T at 1306). He assessed moderate impairment with respect to Plaintiff's ability to adapt or manage himself. (T at 1306).

Mr. Haj-Yehia believed Plaintiff could maintain satisfactory attention or concentration less than 75% of the time and would be absent from work more than 4 days per month due to his symptoms. (T at 1307).

The ALJ found Mr. Haj-Yehia's opinion "not persuasive." (T at 27). The ALJ determined that Mr. Haj-Yehia's restrictive assessment of Plaintiff's ability to meet the mental demands of basic work activities was not supported by, or consistent with, the treatment record.  For the following reasons, the Court concludes that the ALJ's decision cannot be sustained.

First, the ALJ did not sufficiently account for the significance of Mr. Haj-Yehia's extended treating relationship with Plaintiff.  The Second Circuit has recognized the value of treating source opinions when reviewing claims involving mental impairments.  *See Flynn v. Comm'r of SSA*, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the

more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.").

This important principle persists under the new regulations, as the opportunity to observe and treat the claimant constitutes important "support" for a medical opinion. *See, e.g., Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 U.S. Dist. LEXIS 32884, at *28 (N.D.N.Y. Feb. 22, 2021).

"As the amended regulations note, '[a] medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.'" *Id*. (quoting 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v))); *see also Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-0502 (AJN) (KHP), 2021 U.S. Dist. LEXIS 19212, at *25-26 (S.D.N.Y. Jan. 29, 2021)("A survey of … cases … show[s] that while the treating physician's rule was modified, the essence of the rule remains the same, and the factors to be considered in weighing the various medical opinions in a given claimant's medical history are substantially similar.")(collecting cases).

"Even though ALJs are no longer directed to afford controlling weight to treating source opinions—no matter how well supported and consistent with the record they may be—the regulations still recognize the 'foundational nature' of the observations of treating sources, and 'consistency with those observations is a factor in determining the value of any [treating source's] opinion.'" *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *6 (D. Vt. July 14, 2020)(quoting *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018)).

Mr. Haj-Yehia treated Plaintiff weekly for more than two years at the time of his assessment. (T at 1305). Thus, he was the medical professional "most able to provide a detailed, longitudinal picture of [Plaintiff's] medical impairment(s)," with "a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." *Marinez v. Comm'r of Soc. Sec.*, 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (citing 20 C.F.R. § 416.927(c)(2)).

Second, the ALJ did not recognize the important consistency between Mr. Haj-Yehia's opinion and the assessment of the consultative examiner.

Dr. Michael Kushner performed a consultative psychiatric evaluation in December of 2018.  He diagnosed unspecific depressive disorder and

post-traumatic stress disorder. (T at 568).  Dr. Kushner opined that Plaintiff

had mild to moderate limitation in his ability to understand, remember, or

apply simple directions and instructions; moderate limitation with respect to

using reason and judgment to make work-related decisions; moderate to

marked limitation in interacting adequately with supervisors, coworkers,

and the public; moderate limitation in sustaining concentration and

performing a task at a consistent pace; mild to moderate limitation with

regard to sustaining an ordinary routine and regular attendance; and

moderate to marked limitation in regulating his emotions, controlling

behavior, and maintaining well-being. (T at 567).

The ALJ found Dr. Kushner's opinion generally persuasive but

discounted the finding of moderate to marked limitation in regulating

emotions and social functioning. (T at 26-27).  The ALJ found this aspect of

the consultative examiner's assessment inconsistent with the treatment

record. (T at 26-27).

The ALJ took no apparent account of the significant consistency

between the opinions of Dr. Kushner and Mr. Haj-Yehia.  The ALJ was

obliged to address this important fact before reaching an assessment less

restrictive than both Plaintiff's treating mental health provider and the

Commissioner's consultative examiner. *See Shawn H. v. Comm'r of Soc.*

*Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)

("Moreover, the ALJ should have considered that the opinions of Stephens

and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of*

*Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7

(N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-

CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24,

2023)(collecting cases holding that "the ALJ is obligated to discuss the

consistency of a medical opinion with the other evidence in the record,

which necessarily includes other medical opinions").

Third, the ALJ overrated the relevance of Plaintiff's ability to maintain

appropriate affect during encounters with supportive mental health

professionals.  (T at 26-27).

The Commissioner's regulations recognize that a claimant's "ability to

complete tasks in settings that are highly structured, or that are less

demanding or more supportive than typical work settings does not

necessarily demonstrate [her] ability to complete tasks in the context of

regular employment during a normal workday or work week."  20 C.F.R.

Subpt. P, App. 1 § 12.00 (C) (6) (b); *see also Primo v. Berryhill*, 17 Civ.

6875, 2019 U.S. Dist. LEXIS 27074, at *31 (S.D.N.Y. Feb. 19, 2019)(noting

that ALJs must recognize that "the effects of a mental health issue may be

different in a work setting than in a non-work setting"); *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 Fed. Appx. 119, 121 (2d Cir. 2018)(decision to discount opinion based on treatment notes indicating claimant was "well-groomed and with calm affect" was "an assessment ... beyond the scope of the ALJ's authority").

Moreover, although Plaintiff was generally cooperative and coherent during therapy, the record documents that he was also living in a shelter (T at 468), in need of treatment (T at 469), demonstrating impaired judgment and insight (T at 604, 949, 1095, 1237-39), and displaying irritability and other social difficulties. (T at 566-67, 900, 949-50, 1019-20, 1261, 1277). *See Stacey v. Comm'r of SSA*, 799 F. Appx. 7, 10 (2d Cir. 2020)(cautioning "ALJs against scouring medical notes to draw their own conclusions based on isolated descriptions"); *Gough v. Saul*, 799 F. Appx. 12, 14 (2d Cir. 2020)("We fear that the ALJ cherry-picked evidence from the record to support his conclusion that Gough could work full time even though the record as a whole suggested greater dysfunction.").

The ALJ's conclusory dismissal of Mr. Haj-Yehia's assessment, including the important consistencies between that assessment and the evaluation of Dr. Kusher, was an error requiring remand.

*B.     Credibility*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id.* (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a

medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other

factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified that he suffers from sleep disturbance, panic attacks and paranoia, depression, low frustration tolerance, aggression toward others, social isolation, and difficulty with memory and concentration. (T at 46-54).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 23.

For the following reasons, the Court finds the ALJ's decision to discount Plaintiff's credibility flawed.

The ALJ concluded that Plaintiff's subjective complaints were inconsistent with the objective medical evidence. (T at 23).  However,

Plaintiff's testimony regarding difficulties with social functioning and self-regulation were supported by the opinions of his treating mental health provider and the consultative examiner.  As discussed above, the ALJ erred in discounting key aspects of this medical opinion evidence, which – in turn -undermined the assessment of Plaintiff's credibility.

The ALJ also found Plaintiff's complaints of disabling limitation inconsistent with his activities of daily living, which included shopping, laundry, and personal care. (T at 21, 28).

However, a claimant "need not be an invalid to be found disabled" and should not be punished for exerting the effort to attend to basic necessities of life. *See Balsamo v. Chater*, 142 F.3d 75, 81-82 (2d Cir. 1998).

As discussed above, the treatment record extensively documents significant symptoms persisting over time.  In this context, some waxing and waning of symptoms is to be expected and Plaintiff's ability to periodically push beyond his ordinary limitations does not translate into an ability to perform competitive work on a consistent basis. *See Estrella*, 925 F.3d at 97; *Samaru v. Comm'r of Soc. Sec.*, No. 18-cv-06321(KAM) (LB), 2020 U.S. Dist. LEXIS 100141, at *30 (E.D.N.Y. June 8, 2020)("The critical differences between activities of daily living and activities in a full time job

are that a person has more flexibility in scheduling the former than the latter, can get help from other persons …, and is not held to a minimum standard of performance, as she would be by an employer.")(quoting *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)).

C.       *Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the foregoing reasons, this Court finds a remand required for a proper assessment of the medical evidence, including (in particular) Mr. Haj-Yehia's opinions regarding Plaintiff's ability to meet the mental demands of basic work and the consultative opinion of Dr. Kushner. On remand the ALJ should also readdress Plaintiff's credibility after properly

evaluating the opinions of Mr. Haj-Yehia and Dr. Kushner's consultative evaluation.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 27) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 21) is DENIED; and this case is REMANDED for further proceedings. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.


Dated: July 25, 2023                    _s/ Gary R. Jones_

                                        GARY R. JONES
                                        United States Magistrate Judge